[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**No. 05-11495**
**Non-Argument Calendar**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-01848-CV-ORL-22-KRS

HERMAN WILLIAMS,

Petitioner-Appellant,

versus

RANDALL BRYANT,
SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

**Appeal from the United States District Court**
**for the Middle District of Florida**

_____

**(December 7, 2005)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Herman Williams, a Florida prisoner proceeding pro se, appeals the dismissal without prejudice of his habeas corpus petition, brought pursuant to 28 U.S.C. § 2254, for failure to pay a partial filing fee. On appeal, Williams argues that because the district court was aware that he did not have the financial ability to pay the partial filing fee, it erred by dismissing his § 2254 without prejudice. He further argues that the district court violated his due process, equal protection, and First Amendment rights by denying him access to the court "because he is poor." [1] Williams asks us to grant him leave to proceed in forma pauperis ("IFP") and remand this case in order for the district court to rule on the merits of his § 2254 petition.

We review a district court's order dismissing an action for failure to comply with local rules for an abuse of discretion. Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993). Rule 4.07 of the Local Rules of the Middle District of Florida provides that a district court may enter an order "that [a] party seeking leave to proceed [IFP] shall pay a stated portion of the Clerk's and/or Marshal's fees within a prescribed time, failing which the action may be dismissed without prejudice."

---

[1] The scope of this appeal is limited to the issue upon which the certificate of appealability ("COA") was granted. See Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998). We granted the COA on the following issue: "[w]hether the district court erred in dismissing appellant's habeas petition without prejudice for failure to pay the partial filing fee." Accordingly, we will not discuss Williams's due process and equal protection claims.

M.D. Fla. R. 4.07(a). Local Rule 4.07 specifically references Local Rule 4.14, which provides that, "[i]n proceedings instituted [IFP] under [§] 2254 . . ., the Court may order, as a condition to allowing the case to proceed, that the Clerk's and Marshal's fees be paid by the petitioner if it appears that he has $25.00 or more to his credit . . . in any account maintained for him by custodial authorities." M.D. Fla. R. 4.14(b).

The district court ordered Williams to pay a partial filing fee without first determining, under Local Rule 4.14(b), whether he had $25 in his prison account, a prerequisite to the court's authority to order him to pay a filing fee. A review of Williams's prison account statement demonstrates that he did not have $25 in his prison account at the time when he filed his § 2254 petition. Because the district court lacked the authority under its local rules to order Williams to pay a partial filing fee, the district court abused its discretion by dismissing Williams's § 2254 petition for failure to pay the partial filing fee.

**VACATE AND REMANDED.**