[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14674
Non-Argument Calendar

_____

D. C. Docket No. 06-61082-CV-WPD

RAFAEL A. LLOVERA LINARES,

Plaintiff-Appellant,

versus

BROWARD COUNTY SHERIFF'S OFFICE,
OFFICER FELIX VASCONEZ,
JEREMY GRANT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 8, 2009)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Rafael Linares appeals pro se the judgment against his complaint that Deputies Felix Vasconez and Jeremy Grant of the Sheriff's Office of Broward County, Florida, used excessive force to apprehend Linares. Linares challenges the denial of his motions to appoint counsel, produce and compel discovery, and amend his complaint; the summary judgment in favor of Grant; the jury verdict in favor of Vasconez; and the denial of his motion for a new trial. We affirm.

## I. BACKGROUND

Our discussion of the background is divided into two parts. We first discuss the facts that led to Linares's complaint. We then discuss the parties' filings and the ruling of the district court.

### A. Linares's Traffic Offenses and Arrest

As Deputies Vasconez and Grant investigated a traffic accident, they observed Linares driving on the wrong side of the highway. When Linares drove his vehicle toward the accident, the deputies signaled for Linares and his passenger to stop. Linares slowed and drove between the damaged vehicles as Vasconez and Grant approached Linares's sport utility vehicle. Linareas then accelerated suddenly and forced the deputies to move to avoid being hit. Linares's vehicle struck Grant on the wrist.

Vasconez and Grant feared Linares posed a danger to the public and pursued

Linares's vehicle. Linares maintained his course and eventually turned on a second street, where he continued to drive against the flow of traffic. Linares then entered Interstate 95, where he drove at speeds between 80 and 125 miles per hour. Linares exited Interstate 95 and lost control on the off-ramp, where his vehicle eventually rested.

Vasconez and Grant approached Linares's vehicle with their guns drawn, with Grant walking to the driver's side and Vasconez walking to the passenger's side. Linares suddenly placed his vehicle in drive and sped toward the deputies. Grant, who was in the path of the vehicle, jumped out of the way and shot at the vehicle until it was out of range. Vasconez, who could not see Grant but heard gunfire and feared that Grant had been struck or run over, shot at the vehicle until he saw Grant.

Vasconez and Grant returned to their patrol cars and chased Linares until he stopped the vehicle in a parking lot. Linares attempted to flee on foot, but Vasconez apprehended Linares within a few feet of his vehicle. Vasconez forced Linares to the ground and handcuffed him. Grant detained the passenger of Linares's vehicle.

Both Linares and Grant were treated for their injuries. Linares was treated for a gunshot wound to his left side, fractures in his right hand, and bruises on his

face, arms, and legs.  Grant received treatment for his right wrist.

*B. The Filings by Linares and Deputies Grant and Vascone and the Ruling of the District Court*

Linares filed a complaint that alleged the use of excessive force by the Sheriff's Office of Broward County and Deputies Grant and Vasconez.  Linares alleged that Grant and Vasconez shot at him and his vehicle and, after Linares left his vehicle, he was shot in the abdomen by Vasconez or some other officer.  Linares also alleged that, after he fell to the ground, Vasconez and another officer jumped on and injured Linares.

Linares moved for appointed counsel and for the production of documents.  Linares requested counsel on the ground that he did not speak English and he had limited legal knowledge.  In his motion to produce, Linares sought to compel copies of Grant's and Vasconez's employment histories; test results on the projectiles recovered from the vehicle; videos and radio communications made of the chase and arrest; internal investigation reports of the incident; and internal policies of the Sheriff's Office of Broward County regarding the use of excessive force.  A magistrate judge denied both motions, and Linares appealed to the district court to appoint counsel.

The district court ruled that Linares failed to "show[] that this excessive force case is so exceptional as to require the assistance of counsel."  The court

4

"[found] that Mr. Linares proved himself to be capable of <u>pro se</u> litigation on the issues at hand at trial." Linares moved four additional times for the appointment of counsel, which the district court denied on the same grounds.

After the district court dismissed the complaint against the Sheriff's Office of Broward County for failure to state a claim, Grant and Vasconez moved for summary judgment and argued they were entitled to qualified immunity. The deputies argued that they were allowed to use deadly force to respond both to Linares's attempt to harm Grant and the danger Linares posed to the public. In their affidavits, Grant alleged that he shot at Linares in self-defense, and Vasconez alleged that he shot at Linares after Vasconez thought that Grant had been struck by Linares's vehicle. The deputies also submitted the affidavit of Deputy Christian Silva, who pursued Linares on Interstate 95 and saw Grant and Vasconez shoot at and arrest Linares. Silva stated that both Grant and Vasconez shot at Linares's vehicle when it stopped on the off ramp; Vasconez did not draw his weapon or shoot Linares in the parking lot; and shots were fired only while Linares was inside his vehicle.

Linares responded that Grant and Vasconez lacked authority to shoot at him while he was inside his vehicle because it was not being used as a weapon. Linares alleged that he was drunk and drove through the accident scene under the belief it

5

was a traffic safety checkpoint, and that he did not hit Grant with his vehicle. Linares alleged that neither he nor his passenger were harmed while inside his vehicle and that he was shot as he surrendered to the police. Linares submitted with his response fifteen exhibits, including two crime scene reports. In one report, Detective Caperton opined that a bullet penetrated the rear tailgate of Linares's vehicle, traveled through the left rear passenger seat, the driver's seat, and Linares, and lodged in the dashboard. In a second report, Detective Berrena suggested that Linares was shot from the front.

After Grant and Vasconez filed a reply, Linares filed a second response with additional exhibits, and Grant and Vasconez moved to strike Linares's second response. The district court denied the motion, allowed Grant and Vasconez to oppose the response, and admonished Linares not to "file anything further in Reply." Linares filed a third response allegedly to oppose medical records. Grant and Vasconez moved to strike the response, and the magistrate judge granted that motion.

Linares moved to amend his complaint to add several defendants. Grant and Vasconez opposed the motion as untimely. The magistrate judge found that Linares's motion was untimely because it was filed three months after the deadline established in the scheduling order. The district court later dismissed the motion as

6

untimely.

The magistrate judge recommended that the district court grant in part and deny in part summary judgment to the deputies. The magistrate judge recommended a summary judgment in favor of Grant against the complaint that he beat Linares in the absence of evidence that Grant was near Linares when he was apprehended. The judge determined that questions of fact existed about the force Vasconez used to restrain Linares and whether Grant and Vasconez used excessive force when they shot Linares. Grant and Vasconez objected to the recommendation.

The district court adopted the recommendation in part and struck Linares's third response. The court granted summary judgment in favor of Grant on the ground that no evidence established that Grant shot or beat Linares. The district court denied summary judgment to Vasconez. Linares moved a second time to amend his complaint; the district court denied the motion as "considerably untimely."

The case proceeded to trial and the jury returned a verdict in favor of Vasconez. Linares moved for a new trial and argued that he was entitled to the appointment of counsel and the verdict was contrary to the weight of the evidence. The district court denied the motion and ruled that the case was not so exceptional

to require counsel and Linares was given assistance throughout the trial; a reasonable jury could find that Vasconez could use deadly force to respond to Linares's erratic and dangerous driving and that Vasconez did not use excessive force to arrest Linares; and Linares "presented no evidence supporting the proposition that . . . Vasconez shot" Linares after he stopped his vehicle.

## II. STANDARDS OF REVIEW

We apply two standards of review to Linares's arguments. We review for abuse of discretion the denial of motions for appointment of counsel, Bass v. Perrin, 170 F.3d 1312, 1319 (11th Cir. 1999), for discovery, United States v. R&F Prop. of Lake County, Inc., 433 F.3d 1349, 1355 (11th Cir. 2005), and to amend pleadings, Smith v. Sch. Bd. of Orange County, 487 F.3d 1361, 1366 (11th Cir. 2007). We review de novo a summary judgment and construe the facts in the light most favorable to the non-moving party. Skop v. City of Atlanta, GA, 485 F.3d 1130, 1136 (11th Cir. 2007).

## III. DISCUSSION

Linares raises five issues for our consideration. All fail. We discuss each in turn.

*A. Linares Was Not Entitled to Counsel.*

Linares argues that he was entitled to appointed counsel to assist him with

complex legal issues and to investigate and present his case, but we disagree. Although a district court may appoint counsel for any party unable to afford professional assistance, 28 U.S.C. § 1915(e)(1), prisoners "have no absolute constitutional right to counsel." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Linares cites no exceptional circumstances that established a need for counsel. See id. Linares's complaint did not contain a novel or complex claim, nor did he require assistance to present the essential facts in his complaint. The district court did not abuse its discretion by refusing to appoint counsel for Linares.

*B. Linares Failed to Establish A Right to Further Discovery.*

Linares argues that he was entitled to discovery of additional information admissible under the Rules of Evidence, but we again disagree. Grant and Vasconez argue that they produced documents in their possession that Linares requested, and Linares does not mention in his brief any additional evidence he required to try his case. See Porter v. Ray, 461 F.3d 1315, 1324 (11th Cir. 2006) ("[T]he discovery rules do not permit [a party] to go on a fishing expedition."). We cannot say that the district court abused its discretion by denying Linares's motions to produce and compel.

*C. Linares Was Not Entitled To Amend His Complaint.*

Linares argues that he should have been permitted to amend his complaint to

9

include claims that the defendants violated state law, but we disagree. Linares sought leave to amend long after the time lapsed under the scheduling order and provided no explanation for his late filings. See Fed. R. Civ. P. 15(a)(2), 16(b). Linares's amended complaints were filed after Grant and Vasconez moved for summary judgment and the delayed filing would have prejudiced the deputies. See Maynard v. Bd. of Regents of the Div. of the Univs. of the Fla. Dep't of Educ., 342 F.3d 1281, 1287 (11th Cir. 2003). The district court did not abuse its discretion by denying Linares's motion to amend his complaint.

*D. Grant Did Not Use Excessive Force Against Linares*.

The district court correctly granted summary judgment in favor of Grant. According to Linares, he was shot after he climbed out of his vehicle and as he was approached by Vasconez and Silva. Linares could not identify the officer who shot him and, by all accounts, Grant was on the passenger side of the vehicle when Linares was allegedly shot. Linares never alleged that Grant participated in or was in a position to stop the alleged beating by Vasconez. Linares failed to establish that he suffered an injury inflicted by Grant.

*E. We Cannot Review Linares's Challenge To the Sufficiency of the Evidence.*

Linares argues that he was entitled to a new trial and the verdict in favor of Vasconez is not supported by the evidence, but we cannot review these arguments

in the absence of a trial transcript. Because "the burden is on the appellant to ensure the record on appeal is complete, . . . where a failure to discharge that burden prevents us from reviewing the district court's decision we ordinarily will affirm the judgment." Selman v. Cobb County Sch. Dist., 449 F.3d 1320, 1333 (11th Cir. 2006); see Fed. R. App. P. 10(b)(1). Linares filed a transcript order form on which he represented that "all necessary transcripts are on file" and stated that he had requested all necessary transcripts in his notice of appeal. A review of Linares's notice of appeal and amended notice establishes that he did not request that the district court transcribe any of his trial proceedings. Although we construe liberally pro se filings, "even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Because we are unable to conduct a meaningful review of the verdict without a transcript of the trial, we affirm the judgment against Linares.

## IV. CONCLUSION

We **AFFIRM** the judgment against Linares.

11