[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 10, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-13263
Non-Argument Calendar

_____

D. C. Docket No. 07-01126-CV-BE-E

THRESA LYNN WILLIAMS,

Plaintiff-Appellant,

versus

ST. VINCENT HOSPITAL,
ALABAMA MEDICAID AGENCY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 10, 2007)

Before BARKETT, MARCUS  and WILSON, Circuit Judges.

PER CURIAM:

Thresa Williams, proceeding pro se, appeals the district court's sua sponte dismissal of her 42 U.S.C. § 1983 civil complaint for frivolity and failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). Additionally, she argues that the district court erred by finding she did not have standing to invoke the criminal statute, 18 U.S.C. § 1113, and by failing to appoint counsel.

In forma pauperis proceedings are governed by 28 U.S.C. § 1915. Subsection (e)(2) of that statute provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious [or]; (ii) fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2). A district court's sua sponte dismissal for frivolity is reviewed for abuse of discretion. Bilal v. Driver, 251 F.3d 1346, 1348 (11th Cir. 2001). A district court's sua sponte dismissal for failure to state a claim, however, is reviewed de novo, using the same standards that govern Fed.R.Civ.P. 12(b)(6) dismissals. Farese v. Scherer, 342 F.3d 1223, 1230 (11th Cir. 2003).

A complaint is frivolous if it is without arguable merit either in law or in fact. Bilal, 251 F.3d at 1349. Moreover, § 1915 "accords judges not only the authority to dismiss a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 1349

2

(citations omitted). In this case, the district court did not abuse its discretion by dismissing Williams's complaint as frivolous. The complaint presents a "far-fetched" scenario based on assertions of a massive conspiracy to monitor Williams that is "clearly baseless."

Moreover, to survive dismissal for failure to state a claim, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, __ U.S. at __,127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at __, 127 S.Ct. at 1965. Therefore, the district court also did not err in dismissing the complaint for failure to state a claim. Williams's conclusory and general allegations of a conspiracy by unnamed state and federal officials do not satisfy the elements of a § 1983 action. Additionally, the first named defendant, St. Vincent Hospital, is not a person acting under color of state law. While it is unclear from the record whether the Alabama Medicaid Agency is a state actor, even if it is, Williams's § 1983 claim fails because state agencies are entitled to Eleventh Amendment immunity. Therefore, the district court properly dismissed Williams's complaint for both frivolity and failure to state a claim.

3

Having dismissed the only claim providing Williams's complaint with federal subject matter jurisdiction, the district court did not abuse its discretion by implicitly declining to retain supplemental jurisdiction over the state-law claims.

Williams's additional arguments that she has standing to invoke 18 U.S.C. § 1113 and that the district court erred by failing to appoint counsel are meritless. First, Williams has no standing to invoke § 1113 because it is a criminal statute that makes it a federal crime to attempt to commit murder or manslaughter within the United States. Second, this Court reviews the denial of a plaintiff's motion for appointment of counsel for abuse of discretion. Bass v. Perrin, 170 F. 3d 1312, 1319 (11th Cir. 1999). "Appointment of counsel in civil cases is . . . a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993) (quotations and citation omitted). Because this case does not present novel or complex issues of fact or law, the district court did not abuse its discretion by denying Williams's motion for the appointment of counsel.

**AFFIRMED.**