[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13744
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 22, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00177-CV-4

CLARENCE R. SANKS,

Plaintiff-Appellant,

versus

MICHAEL WILLIAMS,
Correctional Officer II, Coastal State Prison,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 22, 2010)

Before DUBINA, Chief Judge, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Appellant Clarence Sanks, *pro se*, appeals the district court's grant of summary judgment in favor of Michael Williams, a correctional facility officer, in Sanks's civil rights suit brought pursuant to 42 U.S.C. § 1983. Sanks's § 1983 complaint arose from an excessive force claim against Williams as a result of an altercation at Coastal State Prison. On appeal, Sanks argues that he was entitled to the appointment of both district court and appellate counsel. Sanks also argues that Williams used excessive force during the altercation, subjecting him to cruel and unusual punishment in violation of his Eighth Amendment rights. Additionally, Sanks contends that he was denied his Fourteenth Amendment rights because the prison authorities did not conduct a disciplinary hearing regarding the incident. Lastly, Sanks argues that Williams acted in bad faith by not sending discovery documents to Sanks, who had lost pertinent documents related to his litigation.

As an initial matter, Sanks claims that his Fourteenth Amendment due process rights were violated when authorities put him in isolation without a hearing. Because Sanks raises this issue for the first time on appeal, we will not address this claim. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

I.

A district court's appointment of counsel in civil cases is warranted only in exceptional circumstances. *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996). The district court has broad discretion in making the determination and we review a denial of appointment of counsel for abuse of discretion. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Exceptional circumstances justifying court appointment of counsel exist if the facts and legal issues in the plaintiff's case are so novel or complex that assistance of a trained practitioner is required. *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

A notice of appeal does not constitute an intent to appeal from an order that has not yet been entered when the notice of appeal is filed. *McDougald v. Jenson*, 786 F.2d 1465, 1474 (11th Cir. 1986). Because the intent to appeal a subsequent order is not apparent, review on the merits would prejudice the other party. Id. Federal Rule of Appellate Procedure 3(c) "requires that a notice of appeal designate an existent judgment or order, not one that is merely expected or that is, or should be, within the appellant's contemplation when the notice of appeal is filed." *Bogle v. Orange County Bd. Of County Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998).

We conclude from the record that the magistrate judge properly denied Sanks's first motion for appointment of counsel as the issues in Sanks's case are

3

neither novel nor complex. The district courts have broad discretion in determining whether to appoint counsel, and the magistrate judge correctly concluded that Sanks's case did not invoke exceptional circumstances warranting appointment of counsel. Thus, we conclude that the magistrate judge did not abuse his discretion in denying Sanks's motion to appoint counsel.

With respect to Sanks's motion to appoint appellate counsel, we lack jurisdiction to consider this motion as Sanks filed his second motion after his notice of appeal and it did not designate an existent order as required by Fed. R. App. P. 3(c). Moreover, we cannot find that Sanks's notice of appeal constituted an intent to appeal from an order denying appointment of appellate counsel because that order had not yet been entered when Sanks filed his notice of appeal.

## II.

"We review *de novo* a district court's grant of summary judgment and apply the same legal standards that governed the district court's analysis." *Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010) (citing *Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1194 (11th Cir. 2010)). In determining the relevant set of facts at the summary judgment stage, we must view all evidence and make any reasonable inferences that might be drawn therefrom in the light most favorable to the non-moving party. *Penlay v. Eslinger*, 605 F.3d at 848 (internal quotation marks and

citation omitted). "Thus, the requirement to view the facts in the non-moving party's favor extends to genuine disputes over material facts and not where all that exists is 'some metaphysical doubt as to the material facts.'" *Id*. (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986)). A dispute over a fact will only preclude summary judgment if the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

"The Eighth Amendment's proscription of cruel and unusual punishments . . . governs prison officials' use of force against convicted inmates." *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). "[I]n making and carrying out decisions involving the use of force to restore order in the face of a prison disturbance, prison officials undoubtedly must take into account the very real threats the unrest presents to inmates and prison officials alike, in addition to the possible harms to inmates against whom force might be used." *Whitley v. Albers*, 475 U.S. 312, 320, 106 S. Ct. 1078, 1084, 89 L. Ed. 2d 251 (1986). Thus, "[w]here a prison security measure is undertaken to resolve a disturbance, . . . that indisputably poses significant risks to the safety of inmates and prison staff, . . . the question whether the measure taken inflicted unnecessary and wanton pain and

suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id*. at 320-21, 106 S. Ct. at 1085 (internal quotation marks omitted).

In ruling on a judgment as a matter of law on an excessive use of force claim, the Supreme Court has held:

> [C]ourts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

*Id.* at 322, 106 S. Ct. at 1085. The Supreme Court outlined five distinct factors relevant to ascertaining whether force was used "maliciously and sadistically for the very purpose of causing harm": (1) the extent of the injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them. *Campbell*, 169 F.3d at 1375 (citing *Whitley*, 475 U.S. at 321, 106 S. Ct. at 1085); *see also Hudson v. McMillian*, 503 U.S. 1, 7, 112 S. Ct. 995, 117 L. Ed. 2d 156

6

(1992) (applying the same five factor test set forth in *Whitley*).

We conclude from the record that the district court did not err in granting Williams's motion for summary judgment as there was no genuine issue of material fact. There was a need for Williams to use limited force in order to subdue Sanks and his aggressive actions and to regain control of a threatening situation. He ceased to use force when Sanks stopped resisting, demonstrating not that he was acting maliciously intending to cause harm, but rather acting in good faith to restore order. Williams was in a threatened position as he was the sole officer in Sanks's cell, whose exit was blocked by a crowd of inmates. Moreover, Sanks's injuries reflect a limited amount of force as he suffered no broken bones and only mild swelling and redness. Williams acted with the appropriate amount of force to insure his safety and maintain order, and ceased using force when it was no longer necessary to control Sanks. Therefore, we conclude that the district court did not err in granting summary judgment.

## III.

As discussed above, we cannot find that a notice of appeal constituted an intent to appeal from an order the district court had not entered when the notice of appeal was filed. *McDougald*, 786 F.2d at 1474. Additionally, Fed. R. App. P. 3(c) requires that a notice of appeal designate an existent judgment or order, not

one that is merely expected.  *Bogle*, 162 F.3d at 661.

We do not have jurisdiction over either of the post-judgment discovery motions filed by Sanks.  Both of Sanks's motions were filed either before or on the day that he filed his notice of appeal.  Therefore, his notice of appeal would have been in anticipation of an expected order, not an order in existence at the time the notice of appeal was filed.  *McDougald*, 786 F.2d at 1474; *Bogle*, 162 F.3d at 661.  We also conclude that the district court did not err in granting summary judgment in favor of Williams and denying Sanks's motions for both appointment of counsel and post-judgment discovery.

**AFFIRMED.**