[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10958
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-01478-HLM

EDDIE LEE JINKS,

Plaintiff-Appellant,

versus

MR. BRIAN OWENS, et al.,

Defendants,

JOHN DOE MATTHEWS,
JACK RICH,
a.k.a. John Doe Rich,
JOHN FORD,
a.k.a. John Doe Ford,
PAUL GLOVER,
a.k.a. John Doe Glover,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 30, 2013)

Before HULL, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Eddie Lee Jinks, a prisoner proceeding pro se, appeals the district court's grant of summary judgment in favor of defendants Ryan Matthews, Jack Rich, John Ford, and Paul Glover, all of whom were correctional officers at Hays State Prison (collectively, the "Hays Officers"), in his 42 U.S.C. § 1983 action alleging unconstitutional conditions of confinement in violation of the Eighth Amendment. Jinks argues that the evidence presented to the district court established a genuine issue of material fact as to his claim that the unsanitary conditions in his cell at Hays State Prison created an objectively serious risk of harm to his health, the Hays Officers were deliberately indifferent to this risk, and Jinks was injured as a result of the Hays Officers' indifference. After careful review, we affirm.[1]

We review a district court's grant of summary judgment de novo, considering the facts and drawing all reasonable inferences in the light most favorable to the non-moving party. Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009). Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

---

[1]    Jinks has also filed a motion for appointment of counsel. Appointment of counsel in civil cases is a privilege "justified only by exceptional circumstances, such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993) (quotation omitted). Because Jinks's appeal does not present novel or complex facts or legal issues, we DENY Jinks's motion.

judgment as a matter of law. Fed.R.Civ.P. 56(a). Once the party moving for summary judgment discharges its "initial responsibility of informing the district court of the basis for its motion," the burden shifts to the non-moving party to come forward with relevant evidence beyond the pleadings showing that there is a genuine issue for trial. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1314-15 (11th Cir. 2011) (quotation omitted). If the non-moving party fails to make a sufficient showing to establish an essential element of its case, summary judgment is appropriate. Id. at 1315. Mere conclusions and unsupported factual allegations are insufficient to defeat a summary judgment motion. Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam). Similarly, "[a] mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." Young v. City of Palm Bay, 358 F.3d 859, 860 (11th Cir. 2004). Pro se pleadings are held to a less stringent standard of review than counseled pleadings and will, therefore, be liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

The Eighth Amendment's proscription against cruel and unusual punishment prohibits prison officials from exhibiting deliberate indifference to a substantial risk of serious harm to an inmate. See Farmer v. Brennan, 511 U.S. 825, 828 (1994). To survive summary judgment on a § 1983 Eighth Amendment claim about prison conditions, a plaintiff must "produce sufficient evidence of (1) a

substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Deliberate indifference on the part of a prison official requires a showing of: "(1) subjective knowledge of a risk of serious harm, (2) disregard of that risk, (3) by conduct that is more than gross negligence." Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010); see also Farmer, 511 U.S. at 837 (requiring the prison official to "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

The prisoner bears the burden of proving that a challenged prison condition is extreme and poses an unreasonable risk of serious damage to his future health or safety. Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). The risk of harm from the condition must be "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Id. (quotation omitted).

In this case, the district court's grant of summary judgment was proper. Jinks failed to raise a genuine issue of material fact regarding whether his cell conditions constituted an unreasonable risk of harm to his health or safety. For the purposes of summary judgment, the district court assumed that Jinks's cell conditions were as he alleged. However, as for his stained mattress, it is undisputed that Jinks brought his own bed sheets and clothing, which were cleaned weekly, to the segregation unit, and his body did not directly touch the mattress.

4

Further, he showered three times a week and had unlimited access to clean water from his cell's sink.  As for his backed-up toilet and the dust and cigarette ashes in his cell, he managed to clean the toilet with soap and water, and there is no indication that Jinks was prevented from cleaning the rest of his cell. Even viewing these facts in a light most favorable to Jinks, the cell conditions alleged, though unpleasant, were not so grave as to violate contemporary standards of decency. Chandler, 379 F.3d at 1289; Hamm v. DeKalb Cnty., 774 F.2d 1567, 1569, 1575-76 (11th Cir. 1985).

Furthermore, Jinks failed to raise a genuine issue of material fact regarding whether the Hays Officers were deliberately indifferent.  The evidence showed that Jinks told the Hays Officers about his cell conditions on several occasions and filed an informal grievance.  However, it is also an essential element of deliberate indifference that the Hays Officers subjectively believed these conditions constituted an unreasonable risk.  See Farmer, 511 U.S. at 837.  The only evidence suggesting that the Hays Officers may have believed these conditions constituted an unreasonable risk is the statement in each of the Hays Officers' affidavits that they "would not have wanted to work in a dorm with such conditions," but read in context, these statements were plainly intended to convey a lack of awareness of the alleged conditions, not a subjective belief about the adequacy of such conditions.  These statements represent a mere scintilla of evidence at best, and are

5

inadequate to overcome the Hays Officers' motion for summary judgment on the basis of deliberate indifference.  See Young, 358 F.3d at 860.

Finally, Jinks failed to raise a genuine issue of material fact regarding whether a causal connection existed between the Hays Officers' actions and Jinks's medical conditions of phimosis and folliculitis, the alleged harm resulting from Jinks's cell conditions.  The affidavit of Doctor Lewis, Jinks's treating urologist, states directly and unequivocally that Jinks did not contract phimosis or folliculitis as a result of his cell conditions.  Doctor Lewis explained that Jinks could not have contracted them from his cell conditions because phimosis is not communicable and because both phimosis and folliculitis are typically caused by poor personal hygiene.  As a result, the single, ambivalent, untested and speculative hearsay statement from a Physician's Assistant about the "possibility" of some connection between the cell conditions and Jinks's health conditions is insufficient to overcome the Hays Officers' motion for summary judgment.  Ellis, 432 F.3d at 1326.

**AFFIRMED.**