[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14896
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-62504-WJZ

TROY M. BOONE,

Plaintiff-Appellant,

versus

COURTESY BOAT RENTALS & YACHT CHARTER, INC.,
d.b.a. Best Boat Club & Rentals,
CLEVELAND HOUSE, INC.,
ALAN J. RUBIN, a Florida Resident,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 23, 2013)

Before MARTIN, FAY and COX, Circuit Judges.

PER CURIAM:

Troy Boone challenges on appeal the district court's order dismissing his action for answering a motion thirty days late. The parties agree that the district court abused its discretion by dismissing the action with neither a clear record of delay nor a finding that lesser sanctions would not suffice. We vacate the district court's order and remand for further proceedings.

On January 6, 2012, Courtesy Boat Rentals & Yacht Charters ("Courtesy") filed a motion to dismiss Boone's complaint. Local Rule 7(1)(c) required Boone to respond to the motion by January 23, 2012. Boone failed to file his response until February 22, 2012. The case proceeded for over three months with the court referring the case to mediation, setting the date for a pre-trial conference, and providing trial instructions. Then, without warning, the court dismissed Boone's action with prejudice because he failed to respond to the motion to dismiss within seventeen days as required by Local Rule 7(1)(C). Boone moved the court for relief from the judgment due to excusable neglect and explained that he had made a simple calendaring error. The court summarily denied Boone's motion.

Parties must meet deadlines in order to preserve the efficiency of our busy district courts. And yet, despite an abundance of care, mistakes will no doubt occur for "to err is human." The drastic sanction of dismissing a case with prejudice is only proper where "there is a clear record of delay or willful contempt

2

and a finding that lesser sanctions would not suffice." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (citation omitted).

We review a district court's order dismissing an action for failure to comply with local rules for an abuse of discretion. *Id.* at 192. Both parties agree—and our independent review of the record convinces us—that the district court abused its discretion by dismissing this action without a clear record of delay or a finding that lesser sanctions would not suffice. Accordingly, we vacate the district court's order dismissing the case and remand for further proceedings.[1]

VACATED AND REMANDED.

---

[1] Appellant has filed an unopposed motion seeking leave to amend his complaint to correct deficient allegations of jurisdiction. The motion is GRANTED.