[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10983
Non-Argument Calendar

_____

D.C. Docket No. 5:13-cv-00031-MTT

JURDIS NELSON,

Plaintiff-Appellant,

versus

GREGORY MCLAUGHLIN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 25, 2015)

Before HULL, MARCUS and JULIE CARNES, Circuit Judges.

PER CURIAM:

Jurdis Nelson, a state prisoner proceeding pro se, appeals the denial of his

motion for appointment of counsel in his 42 U.S.C. § 1983 action.  On appeal,

Nelson argues that his case was novel and complex and the district court abused its discretion by not appointing him counsel. After thorough review, we affirm.

We review the denial of a motion for the appointment of counsel in a civil case for abuse of discretion. Bass v. Perrin, 170 F.3d 1312, 1319 (11th Cir. 1999). The trial court has broad discretion in making the determination of whether appointment of counsel is necessary. Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1063 (11th Cir. 2013). While we interpret briefs filed by pro se litigants liberally, issues not briefed on appeal are deemed abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).[1]

In general, prisoners raising civil rights claims, like other civil litigants, have no absolute constitutional right to counsel. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Rather, appointment of counsel in civil cases is a privilege justified only by exceptional circumstances, such as the presence of facts or legal issues which are so novel or complex as to require the assistance of a trained practitioner. Id. The key is whether the pro se litigant needs help in presenting the essential merits of his position to the court. Id.

---

[1] Because Nelson does not challenge on appeal the district court's grant of summary judgment to McLaughlin, he has waived the argument. See Timson, 518 F.3d at 874. But even though he is not directly challenging the resolution of his case in this appeal, we nevertheless retain jurisdiction over his challenge to the district court's order denying counsel since "an appellate court could remedy the effects of an erroneous denial of appointed counsel by vacating the judgment appealed from and ordering a new trial with appointed counsel." Holt v. Ford, 862 F.2d 850, 854 (11th Cir. 1989).

Here, Nelson did not present exceptional circumstances that would have justified the appointment of counsel. His complaint alleged claims of retaliation, deliberate indifference to his medical needs, and violation of his right to access to the courts, none of which are sufficiently novel or complex so as to cause exceptional circumstances. Furthermore, Nelson demonstrated in the district court that he was capable of representing himself. He articulated his claims for relief in his complaint and filed several responsive pleadings and motions before the district court in which he accurately cited the essential facts, legal arguments, and relevant law. On this record, the interests of justice do not require appointment of counsel, and the district court did not abuse its discretion in denying his motion to appoint counsel.

**AFFIRMED**.