[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14608
Non-Argument Calendar

_____

D.C. Docket No. 2:15-cv-01158-WMA

DIANE HILLIARD,

Plaintiff-Appellant,

versus

ALABAMA DEPARTMENT OF TRANSPORTATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 25, 2016)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Diane Hilliard appeals *pro se* the dismissal of her action against the

Alabama Department of Transportation. *See* 42 U.S.C. § 1983. Hilliard challenges

the order dismissing her complaint *sua sponte*, but we previously ruled that her appeal of that order was untimely. Hilliard also challenges the denial of her motions for an extension of time to file an amended complaint and for the appointment of counsel. We affirm.

The Department argues that Hilliard's motion for an extension of time should be treated as a motion to alter or amend the judgment, *see* Fed. R. Civ. P. 59, but we disagree. Hilliard did not mention the judgment of dismissal in her motion. Hilliard requested "the [district] court to extend the time for filing of her Amended Complaint and [for her] to acquire legal counsel."

The district court did not abuse its discretion when it denied Hilliard's motion for an extension of time. A plaintiff may obtain an extension of time "after the time has expired if [she] failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Hilliard filed her motion on September 16, 2015, 29 days after the district court dismissed her action against the Department. Although Hilliard requested additional time to retain counsel to help her "perfect and pursue her . . . claims," she failed to explain her delay in hiring counsel after being warned two months earlier that her complaint was fatally defective.

The district court also did not abuse its discretion by denying Hilliard's motion for the appointment of counsel. "Appointment of counsel in civil cases is . . . a privilege justified only by exceptional circumstances, such as the presence of

2

facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (internal quotation marks, brackets, and citations omitted). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position in the court." *Id.* Hilliard's complaint of discrimination based on gender and race was not novel or complex.

We **AFFIRM** the dismissal of Hilliard's action against the Department.