[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14095
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-02441-SCJ


NORMAN TOLAND, JR.,

Plaintiff-Appellant,

versus

AT&T INC.,

Defendant,

BELLSOUTH TELECOMMUNICATIONS, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 5, 2018)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Norman Toland, proceeding *pro se*, appeals the district court's grant of summary judgment to BellSouth Telecommunications, LLC ("BellSouth")[1] in his disability discrimination case.  On appeal, Toland first argues that the court abused its discretion when it deemed certain facts admitted because he failed to submit a statement of material facts, as required by Rule 56.1(B) of the Local Rules for the Northern District of Georgia.  Second, he argues that the court erred in granting BellSouth's motion for summary judgment on his claim of disability discrimination under the American's with Disabilities Act ("ADA"), 42 U.S.C. § 12112, after finding that he failed to show that BellSouth's reason for not hiring him was pretextual.   We address each point in turn.

## I.      Factual Admission

We review a district court's determination that a party failed to comply with local rules for abuse of discretion.  *See Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993).   Although we liberally construe *pro se* litigants' pleadings, such litigants must nevertheless conform to procedural rules.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

---

[1] Toland originally named AT&T as the sole defendant, but he subsequently filed an addendum to his complaint listing BellSouth as the defendant.  The court directed the clerk to amend the docket to list BellSouth as the defendant, in effect substituting Bell South as the defendant and eliminating AT&T as a party.

Rule 56.1(B) of the Local Rules for the Northern District of Georgia requires a movant for summary judgment to include a separate, concise, and numbered statement of undisputed facts in his or her motion.  N.D. Ga. Civ. R. 56.1(B)(1). The respondent is then required to file an individually numbered statement of undisputed facts corresponding with the movant's statement.  *Id*. 56.1(B)(2).  The movant's facts will be deemed admitted unless the respondent directly refutes the facts with specific citations to evidence, states a valid objection, or shows that the movant's facts are not supported by evidence or that the facts are not material.  *Id*.

The district court did not abuse its discretion when it found that Toland failed to comply with Local Rule 56.1(B)(1).  In his motion for summary judgment, Toland did not file a separate statement of undisputed material facts, and in his responsive statement of *disputed* facts to BellSouth's motion, he failed to address or refute the facts BellSouth listed in its statement.  Thus, the court properly concluded that the undisputed facts were admitted.  N.D. Ga. Civ. R. 56(B)(1).  Accordingly, the court did not abuse its discretion. Moreover, Toland's failure to comply with the Local Rule, and the deemed admission issue, is not relevant on appeal because the district court did in fact consider all of the evidence, including all of the evidence submitted by Toland. The summary judgment, discussed below, was based on all of the evidence.

## II.    Summary Judgment

We review a grant of summary judgment *de novo*.  *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012).  Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A factual dispute exists where a reasonable fact-finder could find by a preponderance of the evidence that the non-moving party is entitled to a verdict.  *Kernel Records Oy*, 694 F.3d at 1300.  In determining whether evidence creates a factual dispute, a court should draw reasonable inferences in favor of the non-moving party, but "inferences based upon speculation are not reasonable."  *Id.* at 1301.

The ADA prohibits employers from discriminating against qualified individuals on the basis of disability.  42 U.S.C. § 12112(a).  The same burden-shifting framework of Title VII discrimination claims applies to ADA claims.  *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007).  To make out a *prima facie* employment-discrimination case under the ADA, the plaintiff must show that: (1) he has a disability; (2) he is a qualified individual for the position in question, and (3) the employer discriminated against him because of his disability.  *See* 42 U.S.C. § 12112; *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).  The plaintiff retains the burden of showing

4

that he was the victim of intentional discrimination at all times. *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

If a plaintiff makes out a *prima facie* case of disability discrimination, and the defendant presents a legitimate, non-discriminatory reason for its actions, the plaintiff must then demonstrate that the reason given was pretextual. *See Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004). A plaintiff can show that a given reason was prextual by pointing to "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the proffered explanation so that a reasonable factfinder would find them unworthy of credence, or by showing that a discriminatory reason more likely motivated the employer's actions. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (quotation omitted). As long as the employer's reason is rational, however, the plaintiff "must meet that reason head on and rebut it." *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*).

The district court did not err in granting BellSouth's motion for summary judgment because Toland failed to show that its proffered reason for not hiring him was pretextual. BellSouth set forth a rational reason for refusing to hire Toland—his failure to complete the application process—and Toland did not "meet that

5

reason head on and rebut it."[2] *Chapman*, 229 F.3d at 1030 (*en banc*). As such,

Toland did not prove that BellSouth discriminated against him because of his

disability, and summary judgment in favor of BellSouth was appropriate.

Accordingly, we affirm.

**AFFIRMED.**

---

[2] Even if the process were unfair as Toland asserts—e.g. because Toland was not aware of the requirement that he return to the clinic within five days—the relevant inquiry is whether BellSouth honestly believed that Toland had not completed the application process within the requested time. Toland has adduced no evidence disputing BellSouth's evidence of legitimate business reason.

With regards to the September 4, 2013 letter advising Toland that his application for employment was denied, we agree with the district court that it is not inconsistent with BellSouth's legitimate business reason. Therefore, contrary to Toland's argument, that letter does not create any genuine issue of material fact.