[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-11675

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ASERIAL JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:11-cr-00026-PGB-DCI-1

_____

Before NEWSOM, GRANT, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Aserial Jones, a *pro se* federal prisoner serving a 435-month sentence for armed robbery offenses, appeals the district court's denial of his *pro se* motion for compassionate release and related motion for appointment of counsel. Jones argues that the district court abused its discretion in weighing the factors under 18 U.S.C. § 3553(a) and in making findings inconsistent with empirical data, and thus abused its discretion in denying his motion for compassionate release. He also argues that the district court abused its discretion in denying his motion for appointment of counsel to help him acquire documents supporting his claim that his father's dementia was an extraordinary and compelling reason for his early release. Having reviewed the record and read the parties' briefs, we affirm the district court's order denying Jones's motion for compassionate release.

**I.**

We review for abuse of discretion a district court's order denying a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). We also review for abuse of discretion the denial of a motion for appointment of counsel in post-conviction proceedings. *See United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous

factual findings. *Harris*, 989 F.3d at 911. Abuse of discretion review "means that the district court had a range of choice and that we cannot reverse just because we might have come to a different conclusion." *Id.* at 912 (quotation marks omitted).

## II.

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). Under 18 U.S.C. § 3582(c)(1)(A)(i), upon a defendant's motion, a district court may reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." Thus, we have held that a district court may reduce a term of imprisonment under § 3582(c)(1)(A) "if (1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotation marks omitted). The district court may consider these factors in any order, and the absence of any of the three forecloses a sentence reduction. *See id.* at 1237–38.

The § 3553(a) factors include, *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of

similar conduct, and the need for the sentence imposed to reflect the seriousness of the crime, promote respect for the law, provide just punishment for an offense, afford adequate deterrence, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1)–(2), (6). The district court need not address each of the § 3553(a) factors or all mitigating evidence. *Tinker*, 14 F.4th at 1241. Instead, an acknowledgment that the court considered all applicable § 3553(a) factors along with "enough analysis that meaningful appellate review of the factors' application can take place" is sufficient. *Id.* at 1240–41 (quotation marks omitted). The weight given to any § 3553(a) factor is committed to the discretion of the district court. *Id.* at 1241.

The Sentencing Commission has defined several "extraordinary and compelling reasons" for reducing a term of imprisonment. *See* U.S.S.G. § 1B1.13. Under § 1B1.13, "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" constitutes an extraordinary and compelling reason for a sentence reduction. *Id.* § 1B1.13(b)(3)(C). So may an "unusually long sentence" under the following circumstances:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change

would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id.* § 1B1.13(b)(6).

Section 1B1.13 also states that the district court may grant a defendant's motion for compassionate release if the court determines, among other things, that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). Section 3142(g) states that, to reasonably assure the safety of any other person and the community, a court should consider (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

We have held that there is no constitutional or statutory right to counsel in post-conviction proceedings. *See Webb*, 565 F.3d at 794–95. Instead, this determination is left to the discretion of the district court. *Id.* at 795. In the civil context, "[a]ppointment of counsel is . . . a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained

practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quotation marks omitted). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court," and "[w]here the facts and issues are simple, he or she usually will not need such help." *Id.*

## III.

The record demonstrates that the district court did not abuse its discretion in finding that the § 3553(a) factors did not weigh in favor of Jones's early release considering the seriousness of Jones's armed robbery offenses, his criminal history, and the need to protect the public and promote general and specific deterrence. The district court found that even if it agreed that the sentence imposed on Jones in 2011 as compared to the likely sentence imposed for similar offenses today satisfied the definition of extraordinary and compelling circumstances, the district court would decline to exercise the discretion to alter the existing sentence if it had the authority to do so. The district court further found that Jones had shown a propensity for violence as demonstrated by his criminal history and offense conduct. Additionally, the district court found that Jones's use of a firearm during the commission of a robbery was very serious, and his sentence adequately reflects that seriousness; that, notwithstanding Jones's record of good behavior during his incarceration, the sentence was necessary to protect the public from harm; and that while Jones's desire to care for his father was commendable, it was not enough to constitute extraordinary and compelling circumstances. Thus, we conclude that

the district court did not abuse its discretion in weighing the factors and denying Jones's motion for compassionate release.

We also conclude that the district court did not abuse its discretion in denying Jones's motion for appointment of counsel given that the facts and legal issues in Jones's motion for compassionate release were neither novel nor complex and did not require the assistance of a trained practitioner. The district court noted that there was no constitutional right to appointed counsel in post-conviction proceedings, and it found that there was no indication that Jones was incapable of gathering the records himself. Additionally, the district court found that Jones had established that he could make a request for compassionate release on his own, which was established by the fact that Jones had filed two prior motions for compassionate release. Thus, the district court properly concluded that Jones failed to show that justice required the appointment of counsel.

Accordingly, based on the aforementioned reasons, we affirm the district court's order denying Jones's motion for compassionate release and the district court's order denying Jones's motion for appointment of counsel.

**AFFIRMED.**