**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13891
Non-Argument Calendar
_____

KAREEM MARSHALL,

*Plaintiff-Appellant,*

*versus*

CREDITORS BUREAU ASSOCIATES,
EXPERIAN,
EQUIFAX,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:23-cv-00162-TES
_____

Before JORDAN, LUCK, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Kareem Marshall, proceeding pro se, appeals the district court's dismissal of his complaint and denial of his motions for a preliminary injunction and accommodations. Marshall argues that the district court's denial of his motion for accommodations hindered his effective participation in the proceedings. Marshall also contends that the district court erred in denying his motion for a preliminary injunction and was biased against him in its rulings. Finding no reversible error after careful review, we affirm.

## I.

In May 2023, Marshall filed his first pro se complaint against Creditors Bureau Associates, Experian, and Equifax (the defendants), alleging that they committed "willful acts of hate" against him in violation of various criminal and civil statutes. The district court reviewed the complaint and concluded that it failed to comply with pleading requirements. It ordered Marshall to amend his complaint and noted that it would consider only the facts alleged in the amended complaint once it was filed. The district court explained that Marshall must "link any claims he makes to a named defendant," and warned that, "[i]f Marshall fails to link a named defendant to a claim, the claim will be dismissed."

Marshall requested an extension of time to file his amended complaint, which the district court granted in part. During the extended period, Marshall moved for a preliminary injunction, requesting that the court order defendants to "cease all adverse reporting to all consumer reporting agencies" until the resolution of

the case. He also filed a "Motion for Accommodations," asserting that he was blind and requesting an interpreter, permission to file electronically, and either a court-appointed lawyer or a 45-day extension for all filings. He also requested "all necessary accommodations and modifications of policies to assist" him in the proceeding.

The district court denied Marshall's motions without prejudice. As to the injunction, the court explained that Marshall had yet to file an amended complaint and it would not look back to the original complaint's factual allegations. As to his motion for accommodations, the court found that Marshall failed to demonstrate exceptional circumstances warranting the appointment of counsel and determined that his request for an interpreter was premature given no hearing or proceeding had been scheduled. The district court instructed Marshall on how to apply to file electronically in accordance with the district court's rules. The court also explained that Marshall failed to identify other "necessary accommodations," but explained that if Marshall could "meet his burden to prove the reasonableness of specific accommodations as required under the ADA, then the court [would] consider those arguments."

Marshall then filed his amended complaint. He alleged again that the defendants committed "willful acts of hate" against him, violated several criminal laws, attempted to collect a fraudulent debt, and defamed him based on the publication of false information.

The district court dismissed the amended complaint pursuant to Federal Rule of Civil Procedure 41(b) for failing to comply with the court's order to recast his complaint in a manner that plainly states facts entitling him to relief. The court determined that Marshall neither complied with its instructions to link the named defendants to plausible facts nor followed the court's recommendation to identify the defendants' specific actions that harmed him.

Marshall timely appealed.

## II.

As an initial matter, Marshall has abandoned any challenge to the district court's dismissal of his case for failure to comply with its order because he has not briefed the issue on appeal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). We therefore decline to address the dismissal of his amended complaint and proceed by considering only his challenges to the denial of accommodations and the preliminary injunction.

We review a district court's determination on the use of an interpreter for an abuse of discretion. *United States v. Edouard*, 485 F.3d 1324, 1337 (11th Cir. 2007). We ask whether the failure to provide an interpreter made the proceeding "fundamentally unfair." *Id.* (quotation mark omitted). We also review a district court's application of local rules and the denial of a motion for appointment of counsel for an abuse of discretion. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009); *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

The district court did not abuse its discretion in denying accommodations. First, the district court reasonably found that Marshall's request for an interpreter was premature given that no hearing or proceeding was scheduled.

Second, it did not abuse its discretion as to Marshall's request for permission to file electronically. The Federal Rules of Civil Procedure permit pro se parties to file electronically "only if allowed by court order or by local rule." Fed. R. Civ. P. 5(d)(3)(B)(i). The Middle District of Georgia does not allow pro se parties to file electronically without permission from the court. M.D. Ga. L.R. 5.0(A). Because the court provided instructions to apply to file electronically in accordance with the district court's rules and Marshall did not follow them, the district court did not abuse its discretion in denying his request for electronic filing.

Third, the district court did not abuse its discretion in denying Marshall's request for the appointment of counsel. Appointment of counsel in civil cases is "a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (citation modified). Because the record reflects that Marshall failed to demonstrate exceptional circumstances warranting the appointment of counsel, the district court did not abuse its discretion in denying this request.

Finally, the court did not abuse its discretion in denying Marshall's request for "all necessary accommodations and

modifications of policies to assist" him in the proceeding because he failed to identify what other accommodations he required.

Next, Marshall argues that the district court failed "to act equitably" by denying his motion for a preliminary injunction despite his evidence of irreparable harm. We review the denial of a preliminary injunction for an abuse of discretion. *Robinson v. Att'y Gen.*, 957 F.3d 1171, 1177 (11th Cir. 2020). To obtain a preliminary injunction, a party must show four elements, one of which is "a substantial likelihood of success on the merits." *Swain v. Junior*, 961 F.3d 1276, 1284–85 (11th Cir. 2020). Here, the district court did not abuse its discretion in denying the injunction because Marshall moved for injunctive relief after the court had found his complaint deficient, prompting the order to file an amended complaint, but before Marshall filed his amended complaint. He therefore could not establish that he was substantially likely to succeed on the merits of the complaint when he had yet to set out the merits of his claims in his amended complaint. The district court thus did not abuse its discretion in denying the preliminary injunction.

Marshall raises two additional arguments on appeal generally contesting the fairness of the proceedings. First, he claims that that the district court violated his Seventh Amendment right to a jury trial by not allowing his case to proceed to trial. But a "district court does not intrude on the constitutional role of the jury when it considers whether a complaint fails as a matter of law" before trial. *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 920 (11th Cir. 2018).

23-13891              Opinion of the Court                    7

Second, Marshall asserts that the district judge was not impartial and failed to act with good faith and fairness. Because Marshall is pro se, we construe his brief liberally as arguing that the district court judge should have sua sponte recused himself. We review this issue for plain error since Marshall did not argue for recusal before the district court. *See Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). Ultimately, Marshall only alleges bias based on the judge's rulings against him, which "almost never constitute a valid basis for a bias or partiality motion" on their own. *Liteky v. United States*, 510 U.S. 540, 555 (1994). With only bare assertions of partiality, we cannot find a plain error.

### III.

The district court's dismissal of Marshall's complaint and denial of his motions for accommodations and preliminary injunction are **AFFIRMED.**