[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14839
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cv-81038-KAM


THOMAS BURGESS,

Plaintiff-Appellant,

versus

SHERIFF RIC L. BRADSHAW, et al.,

Defendants,

DEPUTY JAMES BENEDICT,
#7649,
DEPUTY ARTIS JERMAINE FORD,
#6240,
DEPUTY JOSEPH PIATCHEK,
#7930,
DEPUTY MELVIN ELLIOTT,
#7718,
CHIEF STEVE JERAULD,
Palm Beach County Fire Rescue, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 9, 2015)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Thomas Burgess is an inmate in a federal penitentiary. He brought this lawsuit in the District Court under 42 U.S.C. § 1983 against a group of deputies in the Palm Beach County Sheriff's office involved in an undercover narcotics operation. Burgess was concluding a sale of crack cocaine from his automobile when several deputies moved in to arrest him. As Burgess sped away, he struck a deputy with his vehicle. Four deputies opened fire, and Burgess was shot in the arm. After his vehicle crashed into several cars in a parking lot and came to a stop, deputies removed Burgess from the vehicle through the driver's side window, since the door would not open, handcuffed him, and placed him under arrest. In his complaint, Burgess alleged that the conduct of some of the deputies—in shooting him and kicking him in the face while they were handcuffing him such that he lost consciousness—and the conduct of other deputies in failing to intervene—infringed his Fourth Amendment right against unreasonable seizure.

2

The District Court granted the deputies summary judgment on all of Burgess's claims except the claims against the deputies who allegedly kicked him in the face. A jury tried and acquitted the deputies. This appeal, which Burgess takes *pro se,* is from the judgment the District Court entered after denying Burgess's motion for a new trial. Burgess seeks a new trial based on the alleged corruption of the jury venire during *voir dire,* erroneous jury instructions, and the jury's failure to award him nominal damages. He also contends that the District Court abused its discretion in refusing to grant a change of venue and in denying his request for the appointment of counsel and a forensic expert. We find no merit in Burgess's appeal and accordingly affirm.

I.

The Federal Rules of Appellate Procedure required Burgess, within 14 days after filing his notice of appeal, to either "order from the reporter a transcript of such parts of the proceedings not already on file as [he] considers necessary," or "file a certificate stating that no transcript will be ordered." Fed. R. App. P. 10(b)(1). Rule 10(b)(2) provides, for example, that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all

evidence relevant to that finding or conclusion." Fed. R. App. P. 10(b)(2).[1] We

previously denied Burgess's request for a trial transcript at public expense. Since

we do not have the benefit of a transcript, we are unable to review Burgess's claim

of jury corruption, the allegedly erroneous instructions to the jury, and the jury's

failure to award him nominal damages.[2]

## II.

Burgess contends that the District Court should have moved the venue from

Palm Beach County. He posits that jurors from Palm Beach County would be

afraid to return verdicts against the deputies, because the deputies could retaliate

against them. Because Burgess failed to raise a venue challenge prior to trial, he

waived it. *Hoffman v. Blaski,* 363 U.S. 335, 361, 80 S. Ct. 1084, 1098–99, 4 L. Ed.

2d 1254 (1960).

## III.

Burgess argues that the District Court abused its discretion in denying his

motion to appoint counsel and a forensic expert. He believes the case was beyond

the ability of a layman to prepare and prosecute. In addition, he claims an attorney

would have found a doctor to testify that his facial injuries resulted from blunt

---

[1] "*[P]ro se* appellants, just like appellants represented by counsel, must provide trial transcripts in the appellate record to enable this Court to review challenges to sufficiency of the evidence." *Loren v. Sasser,* 309 F.3d 1296, 1304 (11th Cir. 2002).

[2] Without a transcript, we cannot determine whether Burgess timely objected and if he objected, the District Court's response.

4

force trauma that could have rendered him unconscious. He posits that the forensic expert would have testified that the deputies employed excessive force when they shot at him.

We review the denial of a motion for appointment of counsel for abuse of discretion. *Smith v. Fla. Dep't of Corr.,* 713 F.3d 1059, 1063, 1065 (11th Cir. 2013). We use the same standard in reviewing the denial of the appointment of an expert. *Bass v. Perrin,* 170 F.3d 1312, 1319 (11th Cir. 1999).

A plaintiff in a civil case has no constitutional right to counsel. *Id.* at 1320. Under 28 U.S.C. § 1915(e)(1), a court may appoint counsel for an indigent plaintiff. *Id.*; 28 U.S.C. § 1915(e)(1). Appointment of counsel in a civil case is a privilege that requires exceptional circumstances, such as the presence of facts and legal issues that are so novel and complex as to require the assistance of a trained practitioner. *Kilgo v. Ricks,* 983 F.2d 189, 193 (11th Cir. 1993). The key is whether the *pro se* litigant needs assistance presenting the essential merits of his position to the court. *Id.* The following factors determine whether exceptional circumstances exist: (1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting his case; (3) whether the litigant is in a position adequately to investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *See Ulmer v. Chancellor,* 691

5

F.2d 209, 213 (5th Cir. 1982) (*adopted in Fowler v. Jones,* 899 F.2d 1088, 1096 (11th Cir. 1990)); *see also Smith,* 713 F.3d at 1065 n.11.

Federal Rule of Evidence 706(a) provides the District Court with discretionary power to appoint an expert witness. Fed. R. Evid. 706(a); *Steele v. Shah,* 87 F.3d 1266, 1271 (11th Cir. 1996). Such an appointment is especially appropriate where the evidence or testimony at issue is scientifically or technically complex. *Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.,* 326 F.3d 1333, 1348 (11th Cir. 2003). Where a party requests the appointment of an expert to aid in evaluating evidence that is relevant to a central issue in the case, the court is obligated to fairly consider the request and to provide a reasoned explanation for its ultimate decision on the matter. *Id.* However, the district court is not obligated to appoint an expert. *Id.* at 1348–49.

Burgess has not shown an abuse of discretion in the denial of his request for counsel. His claims for relief at trial, which involved allegations of excessive use of force and failure to intervene, were neither novel nor complex. *See, e.g., Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992). Burgess's active involvement in the litigation showed that he was capable of adequately presenting his case. *See Ulmer,* 691 F.2d at 213. He submitted an extensive complaint, numerous motions, and two appellate briefs, all of which cite competent legal authority. It therefore appears that he was able adequately to investigate the case. Furthermore, he stated

6

in his motion to appoint counsel that he wished to remain *pro se,* but that he needed counsel merely to hire and coordinate with his forensic expert. In sum, he essentially admitted that the issues were not so complex or difficult that he needed counsel at trial.

Nor did the District Court abuse its discretion in denying Burgess's motion for appointment of a forensic expert. Burgess has not shown that the evidence or testimony at issue was scientifically or technically complex. *See Quiet Technology,* 326 F.3d at 1348. The court's grant of summary judgment in favor of the deputies with regard to the claim that the shooting constituted excessive force rendered the expert's proposed testimony about whether the shooting was justified irrelevant. The expert's proposed testimony regarding whether Burgess's car hit a deputy was not the result of particular expertise, as the expert admitted that he was not an accident reconstructionist, and it merely did not "sound logical" to him that Burgess's car could have hit a deputy and sent him airborne. Evidence of Burgess's injuries did not require an expert because Burgess's injuries were undisputed. The only disputed factual issue—whether Burgess was kicked in the face while being handcuffed—did not require the testimony of a forensic expert.

In conclusion, we find no abuse of discretion in the denial of court-appointed counsel and a forensic expert.

AFFIRMED.