[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15010
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-01591-CAP


DEON D. JONES,

                                                      Plaintiff-Appellant,

versus

LOCKHEED MARTIN CORPORATION,

                                                      Defendant-Appellee,

LOCKHEED MARTIN AERONAUTICS COMPANY, et al.,

                                                      Defendants.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 7, 2016)

Before TJOFLAT, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Deon Jones filed this pro se appeal of the district court's dismissal of his discrimination claims under the Americans with Disabilities Act ("ADA") and state law against his former employer, Lockheed Martin Corporation ("Lockheed").  The district court dismissed Jones's claims with prejudice for repeated failure to obey a court order requiring him to properly file an amended complaint.  Jones argues on appeal that the district court erred because his amended complaint presented a prima facie claim of discrimination under the ADA.  Upon careful consideration, we affirm.

"We review de novo a district court's ruling on a motion to dismiss."  Shotz v. Cates, 256 F.3d 1077, 1079 (11th Cir. 2001).  To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) the complaint must provide sufficient factual allegations to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  A court may draw reasonable factual inferences in favor of the plaintiff, but need not accept any legal conclusions in the complaint.  Id.

To state an ADA discrimination claim, a plaintiff must allege that he was disabled, qualified to perform the job, and discriminated against because of his disability.  Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1193 (11th

2

Cir. 2004). A district court has discretion to exercise supplemental jurisdiction over state-law claims that relate to a federal claim. See 28 U.S.C. § 1367(a). If a district court dismisses all of a plaintiff's federal claims, we encourage it to also dismiss any remaining state claims. Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam).

We review for abuse of discretion a dismissal pursuant to Federal Rule of Civil Procedure 41(b), which allows a district court to dismiss an action for failure to comply with local rules. Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993). Local Rule 41.3 for the Northern District of Georgia authorizes a court to dismiss a civil case if the plaintiff "fail[s] or refuse[s] to obey a lawful order of the court." N.D. Ga. Civ. R. 41.3(A)(2). A dismissal under this rule operates as a dismissal with prejudice unless the court specifies otherwise. Id. R. 41.3(B).

Because dismissal with prejudice is a drastic remedy, it is appropriate only where there is a clear record of delay or willful contempt and lesser sanctions would be insufficient. Kilgo, 983 F.2d at 192. Dismissal with prejudice is appropriate "where a party, as distinct from counsel, is culpable" for the failure to comply. Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1338 (11th Cir. 2005). It is generally not an abuse of discretion for a district court to dismiss a suit for disregard of an order if the litigant was warned and still failed to comply. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

The district court did not err in finding that Jones failed to state a discrimination claim under the ADA.  Jones properly identified his disability in his amended complaint.  However, he never alleged with sufficient facts that Lockheed discriminated against him because of this disability.  See Cleveland, 369 F.3d at 1193.  Jones only alleged with sufficient facts that Lockheed terminated him for reasons unrelated to his disability.

Because Jones failed to state a claim as necessary to survive a Rule 12(b)(6) motion to dismiss, the district court did not abuse its discretion by dismissing his ADA and state-law claims with prejudice under Rule 41(b).  After Jones failed to state a claim in his initial complaint, the district court noted the deficiencies in Jones's complaint and dismissed his ADA claim without prejudice to allow him to file an amended complaint.  The court warned Jones after he filed several extraneous exhibits instead of an amended complaint that it would dismiss his claims if he failed to adhere to the court's orders regarding how to file his amended complaint.

Jones then amended his complaint, but he again failed to state a claim or follow the district court's orders regarding which claims to include in the complaint.  The court allowed Jones yet another opportunity to file his amended complaint, and again warned that it would dismiss his claims if Jones failed to follow the court's orders.  Instead of filing a second amended complaint, Jones

4

moved for the district court judges involved in his case to recuse themselves and he filed an improper appeal to this Court of the district court's non-final order.

Under these circumstances, the district court did not abuse its discretion in dismissing Jones's claims under Rule 41(b) based on his failure to obey a lawful court order in accordance with Local Rule 41.3. See N.D. Ga. Civ. R. 41.3(A)(2). The district court properly warned Jones twice that his failure to comply with its orders would result in dismissal of his claims. See Moon, 863 F.2d at 837, 839. Also, the district court determined that no lesser sanction would suffice, because it had already attempted the lesser sanction of dismissal without prejudice to no avail. See Kilgo, 983 F.2d at 192. The district court also properly dismissed Jones's remaining state-law claims when it dismissed his ADA claim. See Raney, 370 F.3d at 1089.

After careful review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**