[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15910
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cv-04308-WSD

ERIKA JACOBS,

Plaintiff-Appellant,

versus

CLAYTON COUNTY SOLICITOR GENERAL OFFICE,
CLAYTON COUNTY STATE COURT OFFICE,
CLAYTON COUNTY SHERIFF DEPARTMENT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 17, 2017)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Erika Jacobs, proceeding pro se and in forma pauperis, appeals the sua sponte dismissal of her 42 U.S.C. § 1983 action after she failed to file an amended complaint within the extended deadline.  After review, we affirm.

## I.  BACKGROUND

In December 2015, Jacobs filed her pro se complaint against the Clayton County Solicitor General's Office, the Clayton County State Court Office, and the Clayton County Sheriff's Department, alleging retaliation, sexual harassment, violation of her constitutional rights, and "Malice/Conspiracy."  Jacobs's claims arose out of her arrest for missing a court date in Clayton County State Court.  In short, Jacobs alleged that employees of the defendants: (1) engaged in various conduct designed to cause her to miss her court date and be arrested; (2) then denied her a phone call to bond out of jail; and (3) mistreated her while she was in jail, all in retaliation for another federal lawsuit Jacobs had filed against the City of Riverdale Police Department.

On April 1, 2016, the district court conducted a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B) and determined that Jacobs's complaint did not comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 10.  The district court ordered Jacobs to file an amended complaint that complied with Rules 8 and 10 on or before April 15, 2016.  The district court cautioned Jacobs that failure to comply with the order would result in dismissal of her action

pursuant to Northern District of Georgia Local Rule 41.3(A)(2), which authorizes the district court to involuntarily dismiss a civil case for want of prosecution if the plaintiff, after notice, fails to comply with a court order. See N.D. Ga. L.R. 41.3A(2). The district court also advised Jacobs that it would not provide her with any further opportunities to amend her deficient pleadings.

The district court later granted Jacobs's motion for an extension of time and extended the deadline to amend her complaint to April 27, 2016. The district court again warned Jacobs that failure to comply with the court's order would result in dismissal pursuant to Local Rule 41.3(A)(2).

Jacobs, however, did not file an amended complaint until April 29, 2016, two days after the extended deadline had expired. Jacobs wrote a note at the bottom of the amended complaint stating that it was "sent on time April 27, 2016."

On August 22, 2016, the district court entered an order dismissing Jacobs's amended complaint pursuant to Local Rule 41.3(A)(2) for failure to comply with a lawful court order. The district court explained:

> Plaintiff failed to comply with the Court's April 1st Order and its April 18th Order, after twice being advised that failure to comply would result in dismissal of this action, and after being advised that no further extensions of time would be granted. Plaintiff claims she mailed her Amended Complaint by the April 27, 2016 deadline, but the Court specifically required her to file it by that date. Under the circumstances, dismissal under Local Rule 41.3(A)(2) is warranted.

The district court noted that Jacobs was a "frequent filer of frivolous lawsuits" and admonished Jacobs that it would "strictly construe any future deadlines."

Alternatively, the district court concluded that Jacobs's amended complaint must be dismissed under § 1915(e)(2)(B) as frivolous.  The district court concluded that Jacobs's § 1983 claims clearly lacked merit because: (1) the Clayton County State Court Office and the Clayton County Solicitor General's Office were not "persons" under § 1983; (2) a sheriff's department is not a legal entity subject to suit under § 1983; and (3) Jacobs's amended complaint failed to allege both a policy or custom of Clayton County and a causal link between a such a policy or custom and her alleged constitutional deprivations; rather Jacob's amended complaint relied on the impermissible theory of respondeat superior liability.

## II.  DISCUSSION

### A.    Rule 41(b) Dismissals

Under Federal Rule of Civil Procedure 41(b), a district court has the authority to dismiss an action for failure to comply with local rules or a court order.  See Fed. R. Civ. P. 41(b); see also N.D. Ga. L.R. 41.3(A)(2); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005).  A

4

dismissal under Rule 41(b) is an adjudication on the merits and is thus a dismissal with prejudice unless the district court states otherwise.  Fed. R. Civ. P 41(b).[1]

Dismissal with prejudice is a sanction of last resort and is proper only if the district court finds: (1) "a clear record of delay or willful conduct" and (2) "that lesser sanctions are inadequate to correct such conduct."  Zocaras v. Castro, 465 F.3d 479, 483-84 (11th Cir. 2006) (quoting Betty K Agencies, 432 F.3d at 1339); Kilgo, 983 F.2d at 192.  As to the first prong, mere delay will not suffice, rather, a finding of the extreme circumstances necessary to support the sanction of dismissal with prejudice must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal.  Kilgo, 983 F.2d at 192-93.  As to the second prong, we will occasionally infer from the district court's decision that it implicitly found that lesser sanctions would not suffice, but we have "never suggested that the district court need not make the finding."  Id. at 193.  That said, "dismissal [with prejudice] upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

**B.    Dismissal of Jacobs's Action under Rule 41(b)**

Here, Jacobs filed her amended complaint on April 29, 2016, the date it was received by the clerk's office.  There is no merit to Jacobs's argument that her

---

[1]We review dismissals under Rule 41(b) for an abuse of discretion.  Betty K Agencies, 432 F.3d at 1337.

amended complaint was timely because she placed it in the mail on April 27, 2016. Under the Federal Rules of Civil Procedure, a pleading is "filed" when it is delivered to a clerk or to a judge who agrees to accept it for filing, not when it is delivered to the post office for mailing.  See Fed. R. Civ. P. 5(d)(2); cf. Haney v. Mizell Mem'l Hosp., 744 F.2d 1467, 1472 (11th Cir. 1984) (explaining that a notice of appeal is "filed" for purposes of Federal Rules of Appellate Procedure 3 and 4 when it is actually received and that "simply depositing the notice in the mail is not the same as filing it").  Although a "mailbox rule" akin to the one Jacobs describes applies to pro se prisoners, such a rule has not been extended to other pro se litigants, who are expected to comply with all procedural rules.  See Houston v. Lack, 487 U.S. 266, 274-75, 108 S. Ct. 2379, 2384-85 (1988) (leaving undisturbed the general rule in civil cases that filing occurs when the clerk receives the pleading, but carving out a "mailbox rule" for pro se prisoners); Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).  Thus, Jacobs's amended complaint was not timely filed under Rule 5(d)(2) and did not comply with the filing deadline in the district court's April 18, 2016 order.

Furthermore, we cannot say the district court abused its discretion by dismissing Jacob's action with prejudice under Rule 41(b).  The district court extended the deadline once and warned Jacobs twice that if she failed to comply

6

with the court-ordered deadline, her action would be dismissed.  Despite being forewarned, Jacobs did not file her amended complaint on April 27, 2016.

In addition, there was a record of willful delay by Jacobs given that: (1) she had already asked for, and received, one extension of time; (2) she was a "frequent filer" who should have been familiar with the filing procedures; and (3) she was repeatedly warned that her action would be dismissed if the filing deadline was not met.  Further, the district court's multiple warnings and its admonition that Jacobs, as a serial filer of frivolous actions, must strictly comply with any deadlines in the future implied a finding that lesser sanctions would not suffice.  See Kilgo, 983 F.2d at 193.

Under these circumstances, the district court was within its discretion to dismiss Jacobs's amended complaint with prejudice under Rule 41(b) for failure to comply with the district court's order.  Alternatively, we agree with the district court that dismissal of Jacobs's amended complaint with prejudice was also appropriate under § 1915(e)(2)(B) because, for the reasons the district court explained, the named defendants could not be held liable under § 1983 for the constitutional violations alleged in her amended complaint.  Because we affirm the district court's dismissal of Jacobs's action with prejudice, we deny as moot Jacobs's request that a different district judge be assigned to her case.

**AFFIRMED.**