[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15155
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cv-00574-RBD-TBS


DOROTHY FISHER,

Plaintiff - Appellant,


versus


GREGORY WHITLOCK,
a resident of the State of Tennessee,
AUTHORHOUSE, LLC,
an Indiana Limited Liability Co.,

Defendants - Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 16, 2019)

Before WILLIAM PRYOR, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Dorothy Fisher appeals *pro se* the district court's order striking her post-judgment motion "for [the] judge to state his jurisdiction." On appeal, Fisher appears to argue that the district court violated her right to due process by striking her motion. She asserts 42 U.S.C. § 1983 claims against the defendants and the district court judge and malpractice claims against her alleged attorneys. Fisher further requests that we appoint her an attorney and argues that the district court violated her Sixth Amendment rights by refusing to do so. She also argues the merits of her underlying claim for misappropriated royalties.

## I.

We have an obligation to review *sua sponte* whether we have jurisdiction at any point in the appellate process. *Reaves v. Sec'y, Fla. Dep't. of Corr.*, 717 F.3d 886, 905 (11th Cir. 2013). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). A notice of appeal is timely if it is filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). However, when Fed. R. Civ. P. 58(a) requires the district court to set forth the judgment on a separate document, and the court does not do so, the time to appeal is extended to 150 days from the entry of the order. Fed. R. App. P. 4(a)(7)(A). A judgment on a Fed. R. Civ. P. 60

motion ("Rule 60 motion") need not be set forth in a separate document.  Fed. R. Civ. P. 58(a).  A Rule 60 motion filed within 28 days of a judgment suspends any notice of appeal that has been filed until the district court enters an order disposing of the motion.  Fed. R. App. P. 4(a)(4)(A)(vi), (B)(i).  However, to appeal that subsequent order, a party must renew its notice of appeal after the district court enters the order.  Fed. R. App. P. 4(a)(4)(B)(ii).

We review a district court's decision to strike a pleading for abuse of discretion.  *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).  To constitute an abuse of discretion, a ruling must rest on "a clearly erroneous fact-finding, an errant conclusion of law, or an improper application of law to fact."  *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1291 (11th Cir. 2014) (quotation marks omitted).  We will generally not consider issues "raised for the first time on appeal."  *United States v. S. Fabricating Co., Inc.*, 764 F.2d 780, 781 (11th Cir. 1985) (*per curiam*).  Conversely, issues not raised on appeal are considered abandoned.  *United States v. Ford*, 270 F.3d 1346, 1347 (11th Cir. 2001) (*per curiam*).  This rule applies even to *pro se* plaintiffs.  *See Horsley v. Feldt*, 304 F.3d 1125, 1127 n.1 (11th Cir. 2002).  While *pro se* pleadings are liberally construed, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading

3

in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation marks omitted).

A district court possesses the power to manage its docket and curb vexatious litigation. *See Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004). In addition to the authority provided by the Federal Rules of Civil Procedure, a court has "inherent authority" to enforce its orders and ensure prompt disposition of legal actions. *State Exch. Bank*, 693 F.2d at 1352. This includes the power to strike a party's pleading for failure to follow court orders. *Id.*

The Fifth Amendment, which provides that "[n]o person shall be deprived of life, liberty, or property, without due process of law," U.S. Const. amend. V., limits a court's exercise of its inherent powers, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). A court's order striking a pleading does not violate due process if it is "commensurate with the [party's] level of misconduct." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306-07 (11th Cir. 2009).

The Sixth Amendment guarantees a criminal defendant "a speedy and public trial," "an impartial jury," and "the Assistance of Counsel." U.S. Const. amend. VI. Generally, "[a] plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Civil cases presenting novel or complex issues or exceptional circumstances may, however, warrant

appointment of counsel.  *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993);

*Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990).

Motions for reconsideration cannot "be used to relitigate old matters, raise argument[s,] or present evidence that could have been raised prior to the entry of judgment."  *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (*per curiam*) (quotation mark omitted).

As an initial matter, while Fisher's notices of appeal refer to the "whole case," they are only timely with respect to the district court's November 28, 2018, order.  Fed. R. App. P. 4(a)(1)(A), (7)(A).  Fisher filed her notice of appeal more than 150 days after the district court issued its order dismissing her case and more than 30 days after its order denying her Rule 60(b) motion.  Fed. R. App. P. 4(a)(1)(A), (7)(A).  Similarly, she filed her notice of appeal more than 30 days after the district court's orders denying her motions "for a[n] *ex parte* hearing," "for [the] court to show what laws it use[d] to den[y] reconsideration," and "for [the] defendants to show [a] contract signed between [the] plaintiff and defendants," and striking her motion "for [the] court to set [a] court date on [the] whole case."  Fed. R. App. P. 4(a)(1)(A).  Nor did Fisher properly appeal the district court's denial of her "motion for written objection."  Even liberally construing that motion as a Rule 60 motion, it was not filed within 28 days after any final judgment Fisher seeks to appeal from, and she did not renew her notice of

appeal after the court denied the motion.  Fed. R. App. P. 4(a)(4)(A)(vi), (B); Fed. R. Civ. P. 60.  Thus, this Court has jurisdiction only to review the district court's order striking Fisher's motion "for [the] judge to state his jurisdiction."  *Bowles*, 551 U.S. at 214.

Fisher does not explicitly address the district court's order striking the instant motion.  However, her brief could be construed liberally as alleging that striking the motion violated her constitutional right to due process.  *Campbell*, 760 F.3d at 1168-69.  The other arguments in Fisher's brief are largely irrelevant to the issue on appeal.  Her § 1983 and malpractice claims are not properly before this Court, as they were not presented to the district court in the instant motion.  *See S. Fabricating Co.*, 764 F.2d at 781.  Fisher's Sixth Amendment claim is without merit, as she is not a defendant in a criminal proceeding.  *See* U.S. Const. amend. VI; *Bass*, 170 F.3d at 1320.  And, as explained below, this appeal presents only straightforward questions of the district court's exercise of its inherent powers, which are not novel or complex issues warranting the appointment of counsel.  *See Kilgo,* 983 F.2d at 193; *Fowler*, 899 F.2d at 1096.

The instant motion was, functionally, Fisher's fifth motion seeking reconsideration of the order denying her Rule 60(b) motion for relief from judgment.  In it, Fisher simply disputed the district court's prior orders and advanced the same arguments that it had rejected multiple times.  *Richardson*, 598

F.3d at 740.  Moreover, the district court had explained to her that her case had been closed and that she could not continue to file duplicative motions raising the same issues.  The district court did not abuse its discretion in exercising its inherent power to manage its docket to strike Fisher's motion.  *State Exch. Bank*, 693 F.2d at 1352; *Bhogaita*, 765 F.3d at 1291.  Moreover, it did not deprive Fisher of due process because striking the motion was commensurate with her failure to follow the court's repeated instructions not to continue filing motions in a closed case. *See Eagle Hosp*, 561 F.3d 1307.

      **AFFIRMED.**