[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————————

No. 19-12089
Non-Argument Calendar

————————————————————

D.C. Docket No. 2:18-cv-14027-JEM


JOSHUA ISSIAH SHULER,

Plaintiff - Appellant,


versus


OKEECHOBEE CI WARDEN,
CAPTAIN ROGERS,
et al.,

Defendants - Appellees.


————————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————————

(June 25, 2020)


Before GRANT, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Joshua Shuler, a state prisoner proceeding *pro se*, appeals the dismissal with prejudice of his civil 42 U.S.C. § 1983 action for abuse of process.  He argues that although he did not understand every rule and procedure, he was prejudiced by the magistrate judge's failure to appoint him counsel and that the district court abused its discretion in dismissing his case.  He further argues that he was not allowed to adequately present his case or prove his suffering because he was denied the necessary documentation and records and was unable to call witnesses.  He also argues that the judges racially discriminated against him, conspired to have his case dismissed with prejudice, and did not want the defendants to be held accountable for their actions.

We review a Rule 41(b) dismissal for abuse of discretion.  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).  A district court abuses its discretion when it *sua sponte* dismisses a civil action with prejudice where (1) the court fails to make a finding that the plaintiff acted willfully or that a lesser sanction would not have sufficed, and (2) nothing in the record supports a finding that the plaintiff acted willfully or that a lesser sanction would not have sufficed. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-42 (11th Cir. 2005).

We have repeatedly held that we will not consider an issue not raised in the district court and raised for the first time in an appeal.  *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).  Moreover,

"prisoners raising civil rights claims, like other civil litigants, have no absolute constitutional right to counsel." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). Rather, appointment of counsel in civil cases is a privilege justified only by exceptional circumstances such as the presence of facts and legal issues so novel or complex as to require the assistance of a trained practitioner. *Id.*

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, once a *pro se* litigant proceeding *in forma pauperis* is in court, "he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). "These rules provide for sanctions for misconduct and for failure to comply with court orders." *Id.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of a complaint for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). Moreover, Rule 41(b) provides that if the plaintiff fails to prosecute or to comply with the Rules of Civil Procedure or a court order, a defendant may move to dismiss the action or any claim against it. Fed. R. Civ. P. 41(b). Additionally, a district court may *sua sponte* dismiss a case under the authority of either Rule 41(b) or the court's inherent power to manage its docket. *Betty K Agencies*, 432 F.3d at 1337.

"The severe sanction of dismissal with prejudice . . . can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." *State Establishment for Agric. Prod. Trading v. M/V Wesermunde*, 838 F.2d 1576, 1582 (11th Cir. 1988) (quotation marks omitted).  However, "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon*, 863 F.2d at 837.

We will not consider Shuler's arguments that the judges in his case racially discriminated and conspired against him because he has presented those arguments for the first time on appeal.  *See Access Now*, 385 F.3d at 1331.  Moreover, his argument that the magistrate judge denied him the documents and witness testimony he needed to prove his case is irrelevant here.  Shuler's claim that he was prejudiced by the district court's failure to appoint him counsel is misplaced because he had no absolute right to counsel for this case.  *See Kilgo*, 983 F.2d at 193.  Moreover, Shuler's liberally construed argument that the district court abused its discretion by dismissing his case with prejudice fails.  Shuler's conduct was willful and lesser sanctions would not have sufficed.  *See Betty K Agencies*, 432 F.3d at 1337-42.  The record fully supports both findings.  *See id.*  Accordingly, we affirm.[1]

---

[1]    Shuler's motion to file a reply brief out of time is DENIED.

**AFFIRMED.**