[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11345
Non-Argument Calendar

_____

D.C. Docket No. 5:17-cv-00549-WFJ-PRL

THOMAS C. BEASLEY,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 9, 2021)

Before NEWSOM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Thomas Beasley, proceeding *pro se*, appeals the district court's order granting summary judgment in favor of the government on his complaint that alleged claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680. On appeal, he argues that the district court erred in denying his motions to appoint counsel because he met the requirements for appointment of counsel, lacked access to the law library and legal materials, and needed counsel to conduct discovery.

We review the denial of a civil plaintiff's motion for counsel for abuse of discretion. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). We liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Notwithstanding, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). A party fails to adequately brief a claim when it does not plainly and prominently raise it. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

A plaintiff in a civil case has no constitutional right to counsel, and while the court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision and should do so only in exceptional circumstances. *Bass*, 170 F.3d at 1320. Exceptional circumstances include the presence of "facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189,

2

193 (11th Cir. 1993) (quotation marks omitted, alteration in original).  The key is whether the *pro se* litigant needs help in presenting the merits of his position to the court.  *Id*.  The Seventh Amendment protects the individual right to a civil jury trial.  U.S. Const. Amend. VII.  A summary judgment ruling does not violate the Seventh Amendment.  *Sowers v. R.J. Reynolds Tobacco Co*., 975 F.3d 1112, 1129 (11th Cir. 2020).

As an initial matter, Beasley has abandoned any challenge to the district court's grant of summary judgment in his brief because he does not mention it and instead simply repeats the underlying facts for his claims and argues that the district court erred in refusing to appoint him counsel.  *Timson*, 518 F.3d at 874.  Although he states that he did not have access to legal resources to cite caselaw in support, the lack of access would not have stopped him from asserting in his brief that the district court erred in granting summary judgment, especially given that he clearly asserts that the district court erred in denying him counsel.

Here, the district court did not abuse its discretion by denying Beasley's motions for appointment of counsel.  Beasley was able to adequately argue about the extent of his injuries, the amount of force that the officers applied, and whether that force was warranted.  He was also able to cite legal authority and identify relevant law in his motion for counsel and summary judgment response.  Further, the issue in this case—whether the force used by the correctional officers was

3

excessive or intentional—is not so complex that counsel was required for Beasley

to prosecute his claim. *See Kilgo*, 983 F.2d at 193. Additionally, contrary to

Beasley's claims in his brief, the evidence that he presented shows that the

government did respond to his requests for admissions and interrogatories and that

an internal investigation was conducted. Although he asserts that he was unable to

conduct discovery because he lacked counsel, the magistrate judge granted

multiple motions from Beasley to extend discovery, and he was able to present

several exhibits in support of his motion for summary judgment. Finally, the

district court did not violate Beasley's Seventh Amendment right to a jury trial by

granting summary judgment. *See Sowers*, 975 F.3d at 1129. Accordingly, we

affirm.

   **AFFIRMED.**