[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13466

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DONALD LEE REAVES,
a.k.a. Donald Reaves,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 1:14-cr-00082-CLM-JHE-1

_____

Before JILL PRYOR, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Donald Lee Reaves, a federal prisoner proceeding *pro se*,[1] appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018. Reaves raises three issues on appeal. He argues that: (1) his medical conditions combined with COVID-19 were "extraordinary and compelling" reasons for his release; (2) the district court failed to properly balance the 18 U.S.C. § 3553(a) factors; and (3) he was not a danger to the community.[2] After careful review, we affirm.

## I.

A jury found Reaves guilty of one count of possession of a firearm by a convicted felon. He was sentenced as a career offender under the Sentencing Guidelines and received a below-guidelines sentence of 192 months' imprisonment.

---

[1] Reaves's motion for appointment of counsel is DENIED because the legal issues in this case are not complex, and Reaves has shown himself to be capable of presenting his arguments. *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993); *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990).

[2] Reaves also argues that we wrongly decided *United States v. Bryant*, 996 F.3d 1243 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021). This argument is without merit. We are bound by that decision. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).

Years later, in May 2021, Reaves filed the instant motion for compassionate release under the First Step Act.[3] He asserted that he was eligible for compassionate release because his medical conditions and COVID-19 combined constituted extraordinary and compelling reasons for his release. He contended that the facility in which he was incarcerated had a high infection rate and was not well-equipped to treat COVID-19. He asserted that he was a 61-year-old with high blood pressure, asthma, a heart murmur, and severe obesity. He explained that he previously had contracted COVID-19, which left him with breathing problems, chest pain, headaches, and fatigue.

Reaves further contended that the district court should consider his post-sentencing conduct and rehabilitation in determining whether he was a danger to society. He pointed out that he had maintained employment in prison, had accepted responsibility for his actions, and had had no disciplinary infractions.[4] He asserted that he was not a danger to society or a flight risk.

_____

[3] Reaves first filed a first motion for compassionate release in October 2020, and the district court denied it. Reaves did not appeal the denial. Instead, he filed a motion to reconsider the denial. The district court construed the motion to reconsider as a new motion for compassionate release, the one at issue in this appeal.

[4] Reaves also asked the district court to release him to home confinement. The court determined that it lacked jurisdiction to do so. Because Reaves offers no argument on appeal on this issue, he has abandoned it. *United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).

Reaves attached various records to his motion, including medical records which showed that he had contracted COVID-19 in February 2021 but had recovered and no longer had symptoms. The medical records also showed that he had hypertension and was taking medication for the disease. The government did not respond to Reaves's motion.

The district court denied the motion. The court concluded that Reaves had not shown extraordinary and compelling circumstances warranting compassionate release. The court determined that the § 3553(a) factors did not support Reaves's early release. The court noted Reaves's post-sentencing conduct and rehabilitation efforts but nonetheless found release inappropriate, citing the nature and circumstances of his offense, his history and characteristics (including his previous convictions), the deterrent value of adequate punishment, and the potential danger to the community.

This is Reaves's appeal.

## II.

We review a district court's denial of a § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (internal quotation marks omitted).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted by statute.

21-13466                Opinion of the Court                5

*United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020). A district court may reduce a term of imprisonment pursuant to § 3582(c)(1)(A) if (1) as relevant here, there are "extraordinary and compelling reasons" for doing so within the meaning of the applicable policy statement found in § 1B1.13 of the United States Sentencing Guidelines, (2) the § 3553(a) sentencing factors favor doing so, and (3) doing so would not endanger any person or the community. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). Because a district court "must find that all necessary conditions are satisfied before it grants a reduction," where "at least one of the compassionate-release conditions was not satisfied, it cannot—as either a syntactical or logical matter—have been error for the district court to skip assessment of another condition." *Id.* at 1237–38.

The policy statements applicable to § 3582(c)(1)(A) are found in § 1B1.13. *See* U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2018). As relevant here, the commentary to § 1B1.13 lists a defendant's medical condition and age as possible "extraordinary and compelling reasons" warranting a sentence reduction. *Id.* § 1B1.13, comment n.1(A). However, a medical condition can only serve as the basis for compassionate release if it is terminal or "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* A person also may be eligible for a sentence reduction if, "[a]s determined by the Director of the Bureau of Prisons [("BOP")], there exists in the

defendant's case an extraordinary and compelling reason other than, or in combination with," the other examples listed. *Id.* § 1B1.13, comment n.1(D).

The policy statement in § 1B1.13 applies to all motions filed under § 3582(c)(1)(A), and thus district courts are bound to apply § 1B1.13's definition of "extraordinary and compelling reasons." *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021). We have held that § 1B1.13, comment n.1(D), is not at odds with 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, and that the phrase "[a]s determined by the Director of the [BOP]" could not be replaced with "as determined by a district court." *Id.* at 1263. So, courts do not have the freedom to define other extraordinary and compelling reasons beyond those set forth in § 1B1.13 or determined by the Director of the BOP. *Id.* at 1264.

Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. 18 U.S.C. § 3553(a). Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate

sentences for defendants with similar records, and the need to provide restitution to any victims. *Id.*

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *Tinker*, 14 F.4th at 1241. The district court need not address each of the § 3553(a) factors or all of the mitigating evidence. *Id.* A sentence may be affirmed so long as the record reveals that the district court considered a number of the factors. *Id.*

Here, the district court did not abuse its discretion in denying Reaves's motion. First, the court correctly concluded that Reaves had not shown "extraordinary and compelling" reasons justifying compassionate release. Reaves's medical records show that his medical conditions are being treated, are manageable in prison, and do not interfere with his ability to provide self-care. And we have denied similar motions for compassionate release where a prisoner's medical conditions are manageable in prison, even when those conditions may place a prisoner at an increased risk from COVID-19. *See United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (holding that the district court did not err in denying compassionate release to a prisoner with high cholesterol, high blood pressure, and coronary artery disease, even though the prisoner was at increased risk from COVID-19, because his conditions were manageable in prison). Further, to the extent that Reaves relied on his lingering COVID-19 symptoms, his medical records indicate that he recovered from his COVID-19 infection and no longer has symptoms. But even if he continues to suffer from some

lingering symptoms, he has not shown how they interfere with his ability to provide self-care. Thus, the district court did not err in concluding that one of the necessary conditions for the granting of compassionate release had not been satisfied. *See Tinker*, 14 F.4th at 1238.

Second, and alternatively, Reaves has not shown that the district court abused its broad discretion in weighing the § 3553(a) factors by weighing the nature and circumstances of his offense and his criminal history more heavily than his efforts at rehabilitation. *See id.* at 1241. Thus, the district court did not err in concluding that a second necessary factor for compassionate release was unsatisfied.

In light of the above, we need not address Reaves's argument that the district court erred in determining that he was a danger to the community. *See id.* at 1238.[5]

In sum, we must affirm the district court's denial of Reaves's motion for compassionate release.

**AFFIRMED.**

---

[5] The district court also denied Reaves's motion based on his failure to exhaust his administrative remedies. Because we conclude that the district court properly denied the motion on other grounds, we do not address whether Reaves failed to exhaust his administrative remedies.