[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10904

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DIEGO ERNESTO OBREGON-CAICEDO,
a.k.a. Pampiro

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:13-cr-00331-JSM-SPF-3

_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Diego Obregon-Caicedo, a federal prisoner and native and citizen of Colombia, appeals *pro se* the denial of his third motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). He argues that the district court abused its discretion by failing to address whether his post-release deportation is an extraordinary and compelling reason for compassionate release and by failing to adequately consider the statutory sentencing factors, *id.* § 3553(a). He also challenges the denial of his request for appointed counsel. We affirm.

After Obregon-Caicedo pleaded guilty to conspiring to distribute five kilograms or more of cocaine while on board a vessel subject to United States jurisdiction, 46 U.S.C. §§ 70503(a), 70506(a) and (b), 21 U.S.C. § 960(b)(1)(B)(ii), the district court sentenced him to 188 months of imprisonment. In 2021, the district court granted the government's motion for a sentence reduction, Fed. R. Crim. P. 35, and reduced Obregon-Caicedo's sentence to 151 months. In 2022, Obregon-Caidedo moved for compassionate release, 18 U.S.C. § 3582(c)(1)(A), and appointed counsel, but the district court denied the motion because his medical conditions were properly managed by the Bureau of Prisons and the statutory sentencing factors did not warrant early release. While his first motion was

pending appeal, he filed a second motion for compassionate release, which the district court dismissed.

In 2023, Obregon-Caicedo again moved for compassionate release and appointed counsel. He argued that although his projected release date is in 2024, his medical conditions, conditions of confinement, family circumstances, and rehabilitation warranted early release. He argued that he posed no danger to the public because he would be deported upon release and that he had taken several educational courses to further his rehabilitation.

The district court denied Obregon-Caicedo's motion because it found no new information warranting early release. It stated that it considered the statutory sentencing factors, and it determined that the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and provide the defendant with education and vocational training "still exists."

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* "When review is only for abuse of discretion, it means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* at 912.

The district court did not abuse its discretion in denying Obregon-Caicedo's motion for compassionate release. It considered the statutory sentencing factors and explained that they did not support early release. *See United States v. Cook*, 998 F.3d 1180, 1185 (11th Cir. 2021). Although Obregon-Caicedo argues that the district court failed to consider his rehabilitation efforts or that his post-release deportation obviated the need to consider protecting the public, the district court was not required to discuss them. *See United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021). And because we affirm on this ground, we need not address Obregon-Caicedo's argument that his deportation status qualified as an extraordinary and compelling reason for his early release. *See id.* at 1237; *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

The district court also did not abuse its discretion by not appointing counsel for Obregon-Caicedo. He was not entitled to appointed counsel in seeking a sentencing reduction, *see United States v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009), and his arguments were not "so novel or complex as to require the assistance of a trained practitioner," *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

We **AFFIRM** the denial of Obregon-Caicedo's motion to reduce his sentence and for appointment of counsel.