**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-11879

Non-Argument Calendar

————————————

WENDALL JERMAINE HALL,

*Plaintiff-Appellant,*

*versus*

MALINDA MASTERS,
Administrator,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:22-cv-00530-SPC-KCD

————————————

Before NEWSOM, BRASHER, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Wendall Hall, a Florida civil detainee, appeals *pro se* the district court's grant of summary judgment to Malinda

Masters, an administrator at the Florida Civil Commitment Center ("FCCC"), on Hall's Fourteenth Amendment due process condition of confinement claim brought under 42 U.S.C. § 1983. In his complaint, Hall, a civilly confined resident at the FCCC, alleged that Masters failed to provide him safe drinking water, in violation of his constitutional rights, and the tainted water sickened him. Hall also appeals the magistrate judge's order, affirmed by the district court, denying his motions to appoint counsel, a designated deposition officer, and an expert witness. Having reviewed the record and read the parties' briefs, we affirm the district court's grant of summary judgment to Masters and the magistrate judge's order affirmed by the district court.

## I.

We review for abuse of discretion the district court's refusal to appoint counsel or experts for a party. *See Bass v. Perrin*, 170 F.3d 1312, 1319-20 (11th Cir. 1999). A court may appoint an expert on a party's motion. Fed. R. Evid. 706(a). "[A]s long as the district court thoroughly considers a request for the appointment of such an expert and reasonably explains its ultimate decision thereon, that decision is vested in the sound discretion of the trial court." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1348-49 (11th Cir. 2003).

It is well established "that prisoners raising civil rights claims, like other civil litigants, have no absolute constitutional right to counsel." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). However, courts "may request an attorney to represent any person

unable to afford counsel." 28 U.S.C. § 1915(e)(1). The court considers the "totality of the circumstances" to determine whether "exceptional circumstances warranting appointment of counsel in a civil case" exist. *DeJesus v. Lewis*, 14 F.4th 1182, 1204 (11th Cir. 2021) (citation omitted). In so doing, the court may examine several factors, such as the complexity and type of case, the plaintiff's ability to present himself and investigate his case, the necessity of skill in presenting evidence and cross-examining witnesses, and if the appointment of counsel will aid the court and parties. *Id.*

"We review a district court's discovery rulings for abuse of discretion." *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007). We have found that denying a *pro se* prisoner's request to order prison officials to help him depose other prisoners was not an abuse of discretion when the *pro se* litigant had other means by which to collect evidence, did not show a good-faith attempt to resolve the discovery dispute, and the depositions were disproportionate to the needs of the case due to their particularly burdensome nature. *Rodriguez v. Burnside*, 38 F.4th 1324, 1335 (11th Cir. 2022).

The record here demonstrates that the district court, by affirming the magistrate judge's rulings, did not abuse its discretion by denying Hall's motions to appoint counsel or a designated deposition officer. The record indicates that Hall failed to show that extraordinary factual or legal issues were present that would justify the assistance of an attorney to present the essential merits of his case, and there is no requirement that a magistrate judge appoint

counsel or a deposition officer to assist a *pro se* litigant like Hall with discovery. The district court also did not abuse its discretion by denying Hall's motion to appoint an expert witness to conduct a water report because, as the the magistrate reasonably explained, that water report evidence was already available to Hall, and Hall failed to prove it was untrustworthy. Accordingly, we affirm the district court's order affirming the magistrate judge's order denying Hall's motions.

## II.

We review the grant of a summary judgment motion *de novo*. *Brown v. Crawford*, 906 F.2d 667, 669 (11th Cir. 1990). Summary judgment is appropriate when the record evidence "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At summary judgment, the district "court must draw all reasonable inferences in favor of the nonmoving party" and may not weigh the evidence or make credibility determinations. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 2110 (2000).

Section 1983 provides a cause of action for private citizens against persons acting under color of state law for violating their constitutional rights and other federal laws. 42 U.S.C. § 1983. The Due Process Clause of the Fourteenth Amendment states that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV. "This Clause applies

to civilly committed detainees . . . who bring § 1983 actions." *Bilal v. Geo. Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

"Under the Fourteenth Amendment, those who are civilly committed enjoy a substantive-due-process right to liberty interests in, among other things, safety and freedom from bodily restraint," but this right is not absolute. *Id.* at 912. "We apply a balancing test to determine whether a State's restraints on a civilly committed person violate that individual's substantive-due-process rights[,] . . . balanc[ing] the person's liberty interests against the reasons the State sets forth for restricting the individual's liberty." *Id.* Further, the civilly committed are due a higher standard of care than prisoners because the "conditions of confinement for the criminally committed are 'designed to punish,'" while "those of the civilly committed are not." *Id.* (quoting *Dolihite v. Maughon*, 74 F.3d 1027, 1041 (11th Cir. 1996)). Accordingly, the Fourteenth Amendment substantive due process rights of civil detainees "are at least equivalent to the comparable Eighth Amendment rights of those incarcerated," and, thus, Eighth Amendment case law is relevant. *Id.* at 915.

Specifically, the Supreme Court has held that civilly committed individuals "retain[] liberty interests in safety and freedom from bodily restraint," but "these interests are not absolute," as they must be balanced against the State's interest. *Youngberg v. Romeo*, 457 U.S. 307, 319-21, 102 S. Ct. 2452, 2460-61 (1982). "[T]he proper balance between the legitimate interests of the State and the rights of the involuntarily committed to reasonable conditions of safety

and freedom from unreasonable restraints . . . [is] that the courts make certain that professional judgment was in fact exercised." *Id.* at 321, 102 S. Ct. at 2461. Under this professional judgment standard, there is presumption of validity to any decision made by a professional, meaning any person competent, whether by education, training or experience, to make the particular decision at issue, and applying this deferential standard, should minimize judicial interference with the internal operation of these institutions. *Id.* at 322-23, 323 n.30, 102 S. Ct. at 2462 n.30. However, liability can still be imposed under this standard, but "only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 323.

The Eighth Amendment governs the conditions under which prisoners are confined and the treatment that they receive in prison. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976 (1994). As such, the Eighth Amendment imposes duties on prison officials, who "must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Id.*, 114 S. Ct. at 1976. "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976) (quotation marks and internal citation omitted).

To establish a claim of deliberate indifference, a plaintiff must first, as a threshold matter, show that he suffered an "objectively, sufficiently serious" deprivation. *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc) (quotation marks omitted). The objective showing requires a demonstration of "a substantial risk of serious harm" to the plaintiff. *Swain v. Junior*, 961 F.3d 1276, 1285 (11th Cir. 2020) (quotation marks omitted) (addressing pretrial detainees' Fourteenth Amendment claims via the same test as Eighth Amendment claims). Second, the plaintiff must show "that the defendant acted with subjective recklessness as used in the criminal law," showing "that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade*, 106 F.4th at 1262 (quotation marks omitted). If the defendant knew about a substantial risk to the inmate and reasonably responded to that risk, the defendant did not act with deliberate indifference. *Id.*

The record shows that the district court did not err in granting summary judgment in favor of Masters because, under both the professional judgment standard, advocated by Hall, and the deliberate indifference standard, applied by the district court, Hall failed to prove a genuine dispute of material fact in relation to his Fourteenth Amendment conditions of confinement claim. Hall did not create a genuine dispute as to why Masters's numerous actions to ensure that the water at FCCC was safe for consumption were not within the scope of adequate professional judgment. Additionally, Hall did not create a genuine issue that Masters was subjectively aware of any risk the water may have posed to him as

Hall's health issues pre-date his complaints of illness due to the water; Masters stated that she drinks the water herself and has no health issues from drinking the water; records showed that FCCC uses the county's water, which the county tests monthly; and Masters stated that she tests the water annually to ensure safety.

Accordingly, based on the aforementioned reasons, we affirm the district court's order affirming the magistrate judge's denial of Hall's motions to appoint counsel, a designated deposition officer, and an expert witness, and we affirm the district court's order granting summary judgment to Masters on Hall's Fourteenth Amendment conditions of civil confinement claim.

**AFFIRMED.**